# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**IKE NUNN,**
**ADC #152571**                                                                                 **PLAINTIFF**

**V.**                         **CASE NO. 4:20-CV-1265-LPR-BD**

**STATE OF ARKANSAS and**
**ADC**                                                                                      **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.     Procedure for Filing Objections:

This Recommendation for dismissal has been sent to Judge Lee P. Rudofsky. Mr. Nunn may file objections with the Clerk of Court if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Nunn does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

### II.    Discussion:

Ike Nunn, an Arkansas Division of Correction (ADC) inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Doc. No. 1) In his original complaint, Mr. Nunn alleged that Defendants denied him prescription medication and retaliated against him. He named the State of Arkansas and the ADC as the only Defendants. (Doc. No. 1)

Shortly after filing his complaint, Mr. Nunn moved to voluntarily dismiss his claims, but then filed a motion for further proceedings. (Doc. Nos. 3, 5) In the caption of the motion, Mr. Nunn identified Dexter Payne as a Defendant. He did not explain, however, how Defendant Payne was involved in violating his rights.[1]

Therefore, on November 11, 2020, the Court ordered Mr. Nunn to file an amended complaint naming the individuals who allegedly violated his rights and specifically stating what injury, if any, he sustained as a result of alleged misconduct. (Doc. No. 6) Mr. Nunn was cautioned that, if he did not amend his complaint within the time allowed, his claims could be dismissed for failing to state a federal claim for relief.

Mr. Nunn has not amended his complaint, and the time allowed for amending his complaint has passed. As the record stands, he has not stated a federal claim for relief.

### III.   Conclusion:

The Court recommends that Mr. Nunn's claims be DISMISSED, without prejudice, based on his failure to state a constitutional claim for relief. The Court should certify that this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g); and

---

[1] Mr. Nunn attached grievance papers to his motion for further proceedings. In those papers, he complained that various ADC officials had confiscated his personal property, including his Bible, in retaliation for his "making homemade shanks." And, he complained that prison officials had not provided him an MRI in nine years. (Doc. No. 5 at pp.9, 12, 19) These allegations do not state federal claims. To state a retaliation claim, Mr. Nunn would have to allege that he engaged in constitutionally protected activity; that Defendants took adverse action against him; and that retaliation was the actual motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). As is obvious, making homemade shanks in prison is not constitutionally protected activity. Furthermore, his vague claim regarding the denial of MRI testing is conclusory and wholly unsupported by factual allegations.

that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

    DATED this 26th day of January, 2021.

                                                            _____
                                                       UNITED STATES MAGISTRATE JUDGE